Tiffany Hedgpeth(175134)
Thedgpeth@edgcomb-law.com
Edgcomb Law Group, LLP
355 S. Grand Ave., Suite 2460, #2049
Los Angeles California  90071-9500
Telephone: 818-861-7618

John Edgcomb (112275)
jedgcomb@edgcomb-law.com
Edgcomb Law Group, LLP
591 Redwood Highway, Suite 2320
Mill Valley, CA 94941
Telephone: 415-399-1555

Attorneys for Plaintiff

Howmet Aerospace Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HOWMET AEROSPACE INC., | Case No. 2:24-cv-08421-MEMF-SK |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| CHARMAN 26 LLC; DETREX CORPORATION; ENVIRONMENTAL LIABILITY TRANSFER, INC.; SAUL GAMBOA; ALEJANDRA MERCADO; PACIFIC COMMERCIAL TRUCK BODY, INC. and TREX PROPERTIES, LLC, | |
| Defendants. | |

{}

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties (collectively, the "Parties" and, individually, a "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

No one subject to this Stipulated Protective Order shall use information designated by another Party or Non-Party in this Action in any other proceedings, including in federal or state legal, administrative, or other proceedings and enforcement actions even if such proceedings or actions involve the same Parties, except to the extent it becomes necessary to institute a new proceeding to enforce a subpoena or other obligation in this Action.

Moreover, this Stipulated Protective Order is an order of the Court pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a privileged or work-product-protected document, whether inadvertent or otherwise unintentional, is not a waiver of privilege or protection from discovery as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this case or in any other federal or state legal, administrative, or other proceeding, provided that a request for the return of the privileged or protected material is made promptly after the Producing Party learns of its production. This Stipulated Protective Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), and any other applicable privilege. Nothing in

this Stipulated Protective Order shall constitute an admission that any document disclosed in this Action is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges. Additionally, nothing in this Stipulated Protective Order shall prohibit Parties from withholding from production or redacting any document covered by any applicable privilege or other protection.

The Parties intend that this Stipulated Protective Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this Action shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state legal, administrative, or other proceeding, regardless of the standard of care or specific steps taken to prevent disclosure, provided that the Producing Party requests the return of the privileged or protected material promptly after learning of its disclosure. Nothing in this Stipulated Protective Order shall limit a Party's or Non-Party's right to conduct a pre-production review of documents as it deems appropriate, nor to challenge the assertion of privilege or the protection.

B. GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets or other confidential research, development, competitive, commercial, pricing, financial, technical and/or proprietary information that may be subject to a protective order under Federal Rule of Civil Procedure 26(c)(1)(G), for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this of this Action is warranted. Accordingly, good cause exists to prohibit any person subject to this Stipulated Protective Order from using confidential information obtained in this Action from any Party or Non-Party, or otherwise, except as provided for herein.

Such confidential, sensitive, and proprietary materials and information may consist of, among other things, confidential and proprietary business or financial information, such as a trade secret or other confidential research, development, or sensitive commercial information, documents, and testimony; information implicating privacy rights of third parties; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Neither the listing of these categories nor anything else in this good cause statement substitutes for an individualized assessment of documents during production or confers blanket or presumptive confidentiality designations on those documents in the absence of such designations, except as otherwise expressly provided for herein.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties and Non-Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Good cause further exists to enter a Federal Rule of Evidence 502(d) clawback order because such an order that provides more flexibility than the default Rule 502 procedures addresses the Federal Rule of Civil Procedure Rule 1 goals of pursuing a just, speedy, and inexpensive determination by streamlining steps to prevent inadvertent disclosure and providing more flexible timelines for

identification and taking corrective action.

## 2.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The Parties further acknowledge, as set forth in Section 13.1, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 3.    DEFINITIONS

3.1    Action:  this pending federal law suit.

3.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    "CONFIDENTIAL" Information or Items:    Trade secrets or other confidential research, development, commercial, or financial information which is not publicly known and is of technical or commercial advantage to its possessor (regardless of how it is generated, stored or maintained), in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential. "CONFIDENTIAL" information does not include, and this Stipulated Protective Order shall not apply to, information which is already in the knowledge or possession of the Party to whom such disclosure is made unless that Party is bound by law or an agreement not to disclose such information, the information is of public knowledge, or the information has been disclosed to the public or third persons in such a manner so that such information is no longer confidential other than as a result of a direct or indirect violation of this Stipulated Protective Order, of law, or of an agreement not to disclose such information. "CONFIDENTIAL" information shall cease to mean, and the restrictions of this Stipulated Protective Order shall cease to apply to, information which, after disclosure, becomes public

knowledge other than by a direct or indirect act or omission of the Party to whom such disclosure is made other than as a result of a direct or indirect violation of this Stipulated Protective Order, of law, or of an agreement not to disclose such information. Nothing in this Stipulated Protective Order shall prevent a Party from making use of technological or other information that is developed or acquired by that Party independently of any disclosures in this action except to the extent resulting from a direct or indirect violation of this Stipulated Protective Order, of law, or of an agreement not to disclose such information.

3.4 <u>"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information Or Items</u>: Information meeting the definition of "Confidential" information that reveals highly sensitive business, competitive, proprietary, trade secret, or other information that is unknown to, and would be detrimental if known by, the producing Party's or non-party's competitors or entities other than the producing Party or non-party. Because of the extraordinary sensitivity of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, this Stipulated Protective Order places additional restrictions on the persons entitled to access to it.

3.5 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items produced in responses to discovery, disclosures, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action.

3.9    <u>House Counsel:</u>  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association, federal, state, county, or municipal governmental agency, or other legal entity not named as a Party to this action.

3.11    <u>Outside Counsel of Record:</u>  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

3.12    <u>Party(ies):</u>  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13    <u>Producing Party:</u>  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14    <u>Professional Vendors:</u>  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15    <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.16    <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge, or as otherwise agreed to by the Parties. This Order does not govern the use of Protected Material at trial.

5.    <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    <u>DESIGNATING PROTECTED MATERIAL</u>

6.1    <u>Designating Material for Protection</u>. Parties and Non-Parties may designate Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," where the material meets the requirements listed in Sections 3.3, and 3.4, respectively, above.

6.2    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.3    <u>Any Party May Designate Information Produced by Other Party</u>. Any Party may designate information or documents disclosed by another Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.

6.4    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order and with this

Paragraph 6.4 requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of a certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the 30-day period, if no Party has designated portions of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Stipulated Protective Order, the entire

deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.5    Inadvertent Failures to Designate. If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

The Designating Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give prompt, written notice to Outside Counsel for the Party to whom such documents, testimony, or other information have been disclosed informing them that the information produced is designated Protected Material; (b) Outside Counsel receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to Non-Parties occurring

before receipt of notice; and (c) at its own expense, the Designating Party, within 10 days of providing written notice that a document or documents was inadvertently not designated Protected Material under this provision, will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation. Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Stipulated Protective Order. The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, but shall not be responsible for any disclosure to Non-Parties occurring before receipt of notice.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     7.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge is necessary to avoid substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

     7.2    <u>Meet and Confer.</u>  To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party with the Bates number(s) of each designation at issue ("Notice"). Within seven (7) days

of receipt of the Notice, the Designating Party shall inform the Challenging Party of which documents it will agree to de-designate. Within ten (10) days of receipt of the Notice, the Designating Party and the Challenging Party shall telephonically or via video conference meet and confer to attempt to resolve each remaining challenge in good faith.

7.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after meeting and conferring in good faith with the Designating Party may file and serve a motion that identifies the Protected Material challenged and sets forth the basis for the challenge under the procedures described by Local Rule 37-1 et seq. or as otherwise ordered or directed by the District Judge and/or Magistrate Judge assigned to this Action.

7.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. A Receiving Party may not use Protected Material in any other legal or administrative proceeding or enforcement action, except as permitted by order of court, to enforce a subpoena or other obligation in this Action regardless of

jurisdiction, or as agreed by the Parties. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's insurers and Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party itself, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, each of whom will receive a copy of this Stipulated Protective Order from Receiving Party prior to disclosure and shall thereby be bound by its terms and obligations upon receipt, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) or independent consultants (and their staff) retained by the attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, and translators, if any, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness, their attorney, and translator sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court , provided that they return the confidential information after their review of the deposition transcript is complete within the time agreed upon by the Parties.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j)    Companies or persons who are retained by outside counsel solely to provide photocopy, document imaging, or document database services, or services related to the creation of demonstrative exhibits or in-court presentation systems; and

(k)    Any other person agreed to by the Parties in writing or allowed by the Court.

8.3    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    House Counsel for the Receiving Party itself, but only insofar as such disclosure is reasonably necessary for such Receiving Party to identify facts or witnesses that cannot be identified by reference to materials not designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such discussion or showing of the relevant document(s) shall not include providing the Receiving Party with copies, and the Receiving Party will disclose to the Producing Party the identity of the designated House Counsel five business days in advance of the first disclosure to allow for Court resolution of disputes;

(c)    Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel; and

(e)    court reporters, videographers, translators, and their staff;

(f)    professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, attorneys for witnesses, and translator, if any, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness, their attorney, and translator sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(2) they will not be permitted to keep any confidential information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential-Attorneys' Eyes Only Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engage in settlement discussions.

(j)    Companies or persons who are retained by outside counsel solely to provide photocopy, document imaging, or document database services, or services related to the creation of demonstrative exhibits or in-court presentation systems; and

(k)    Any other person agreed to by the Parties in writing or allowed by the Court.

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation or administrative proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all Parties to this Action are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protective Material in its possession, and either the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, or disclosure of the information is prohibited by federal statute or regulation, state law, or other prohibition, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party

that some or all of the information requested is subject to a confidentiality agreement with a Non-Party with a Non-Party or to the limitations of federal statute or regulation, state law, or other prohibition;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested or sought to be produced;

(3) make the information requested available for inspection by the Non-Party, if requested; and

(4) If the Non-Party's review is reasonably expected to delay production for more than two (2) weeks, the Party shall provide a reasonably specific description of the information it contends are subject to the Non-Party's review.

(c) If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request , except for that information prohibited from disclosure by federal statute or regulation or state law.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party or prohibited from disclosure by federal statute or regulation, state law, or otherwise before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

(d) Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law or otherwise.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, , including what was disclosed and to whom, (b) use its best efforts to retrieve all unauthorized copies of the Protected Materials improperly disclosed, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding, provided that a request for the return of the privileged or protected material is made promptly after the Producing Party learns of its production. The Parties intend that this Stipulated Protective Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this Action shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state legal, administrative, or other proceeding, regardless of the standard of care or specific steps taken to prevent disclosure, provided that the Producing Party requests the return of the privileged or protected material promptly after learning of its disclosure.

In the event of such inadvertent disclosure, the Producing Party may provide the Receiving Parties with written notice of same and request that all copies of any

such documents be returned, whereupon the Receiving Parties shall promptly return all copies of such documents, delete them from their files, destroy all notes or other work product that reflect them and the information contained therein, shall not use or disclose the documents or the information contained therein in any way, and shall certify to the Producing Party that the document(s) and copies have been destroyed.

If a Receiving Party discovers a document, or part thereof, produced by a Producing Party appears to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party. Within five (5) days of confirmation from the Producing Party that the identified document contains produced privileged information and the request to comply with the stipulations in this Stipulated Protective Order, the Receiving Party shall promptly return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them and the information contained therein, and shall not use or disclose the documents or the information contained therein in any way, and shall certify to the Producing Party that the document(s) and copies have been destroyed. Nothing in this Stipulated Protective Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, and the information was disclosed prior to the Receiving Parties being notified, the Receiving Parties must so notify the Producing Party of the disclosure and of any efforts to retrieve the documents or information.

13. FILING PROTECTED MATERIAL IN COURT

13.1    Filing Protected Materials. If a Party seeks to file Protected Material in court, absent agreement from the Designating Party, it must seek to do so under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant

to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.2    This Order does not govern the treatment of Protected Material at trial, which shall be raised by the Parties but separately addressed by the Court.

14.    MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3    Right to Appropriately Withhold or Redact. Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material, or any other data protected from disclosure by State or Federal law or otherwise, but will log any redacted or withheld information on a log with information sufficient for the Receiving Party to identify the basis for the redaction or withholding and challenge it as necessary.

15.    FINAL DISPOSITION

15.1    Return or Destroy Protected Materials. After the final disposition of this Action, as defined in Section 5, within 90 days of a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts

to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

15.2    <u>Certification of Return or Destruction</u>. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

15.3.    <u>Use of Archival or Backup Data</u>. Notwithstanding this provision, Counsels are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

Counsel also shall not be required to delete Protected Material that may reside on their respective Parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible. However, Parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

16.    <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 7/21/2025

 EDGCOMB LAW GROUP, LLP


/s/ Tiffany Hedgpeth

Tiffany Hedgpeth

Attorneys for Plaintiff Howmet Aerospace Inc.


DATED: 7/21/2025

CLARK HILL PLC


/s/ Georges A. Haddad

Georges A. Haddad

Attorneys for Defendant Detrex Corporation


DATED: 7/21/2025

NEWMEYER & DILLION LLP


/s/ John E. Van Vlear

John E. Van Vlear

Attorneys for Defendants Pacific Commercial

Truck Body Inc., Saul Gamboa and Alejandra Mercado

DATED: <u>7/21/2025</u>

BALLARD SPAHR LLP


<u>/s/ Mitchell Turbenson</u>

Mitchell Turbenson

Attorneys for Defendants Trex Properties, LLC

and Environmental Liability Transfer, Inc.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: ____ July 22, 2025 _____

_____

Honorable Steve Kim
United States Magistrate Judge


### ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

The undersigned attests pursuant to Local rule 5-4.3.4 that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: July 21, 2025                   EDGCOMB LAW GROUP, LLP

By: /s/ Tiffany Hedgpeth _____
    Tiffany Hedgpeth
    Attorneys for Plaintiff
    Howmet Aerospace Inc.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Howmet Aerospace Inc., v. Charman 26 LLC et al*., Case No. 2:24-cv-08421-MEMF-SK on _____ [date]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____